GLADDING (STEVENS v.). See Cases Nos. 13,399 and 13,400.

GLADIOLUS, The (ALBANY DREDGING CO. v.). See Case No. 132.

## Case No. 5,469.

### GLADSTONE et al. v. CHAMBERLAIN et al.

[1 Am. Law Rev. 587.]

Circuit Court. S. D. New York. 1867.

PAYMENT "IN CASH"—CONSTRUCTION OF CONTRACT —USAGE.

[The question whether a written contract, made at Ceylon, to pay "in cash" for goods deliverable at New York, means a payment in specie,—gold or silver,—is one of intention; but the intention is to be reached by the court from the terms of the contract, either as the words themselves import, or as they are explained by local custom, or usage.]

[This was a suit on a charter party by Lawrence Gladstone and others against William Chamberlain and others. See Case No. 5,471.]

## Case No. 5,470.

### GLADSTONE et al. v. CHAMBERLAIN et al.

[7 Blatchf. 207.] [1]

Circuit Court, S. D. New York. April 8, 1870.

CHARTER PARTY — CONSTRUCTION — PAYMENT IN SPECIE—PAPER CURRENCY.

Where a charter party for the charter of a vessel was made in Ceylon, in November, 1862, the charter money to be $29,000, "to be paid in cash, on right and safe delivery of the car-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

go" at New York. *Held*, that, in view of the circumstances which led to the contract, and under which it was made, and of its terms, the amount to be paid must be regarded as having been agreed to be paid in gold or silver and not in the lawful paper currency of the United States.

This was an action on a charter party, brought by the plaintiffs [Lawrence Gladstone and others], as owners of a vessel, to recover an amount claimed to be due by the defendants [William Chamberlain and others] on a charter of such vessel, made by the plaintiffs to the defendants, at Ceylon, in November, 1862, by which the defendants agreed to pay, as charter money, $29,000, "to be paid in cash, on right and safe delivery of the cargo" at New York. The defendants tendered the $29,000 in the lawful paper currency of the United States but not in gold or silver. The tender was accepted, and, it having been agreed that such acceptance should be without prejudice to the right of the plaintiffs to claim that the payment should have been made in gold or silver, this suit was brought to recover the amount of the premium on $29,000 of gold at the time the tender was made. At the trial, before Judge Smalley and a jury, the court left it to the jury to determine, as a fact, what was the intent of the parties at the time the charter party was made, as to the currency in which the charter money was to be paid. The jury found a verdict for the plaintiffs. [Case No. 5,471.] The defendants now moved for a new trial.

Daniel D. Lord, for plaintiffs.
Townsend Scudder, for defendants.

NELSON, Circuit Justice. I have looked into this case, and into the briefs of the learned counsel, and am satisfied that the words in the charter party, "freight for the same to be a lump sum of twenty-nine thousand dollars, which amount to be paid in cash, on right and safe delivery of the cargo," mean a payment in gold or silver. The addition of the words "which amount to be paid in cash" would otherwise be without effect, and surplusage; for, if they are left out, the contract is complete to pay in any lawful currency of the country, at the city of New York, where the cargo was to be delivered and the freight paid.

I do not give any effect to the evidence as to the intent of the parties, at the time the charter-party was entered into, or to the evidence as to the conversation between them at, and previous to, its execution. Such evidence was, I think, inadmissible. The circumstances which led to the contract, and under which it was made, were competent and proper, and tend, in some measure, to explain the meaning of the word "cash" in the connection in which it is found; and, in view of them, and of the terms of the contract, I am quite satisfied that the plaintiffs were entitled to the verdict.

The errors of the judge, which I do not deny, did not work any prejudice to the defendants, as my opinion is wholly independent and irrespective of them. The motion for a new trial is denied.

[See Case No. 5,469.]